UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| GREGG C. INOKUMA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA, N.A., DOE DEFENDANTS 1-50,<br><br>　　　　Defendants. | CIV. NO. 20-00178 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ORDER OF REMAND**

Before the Court is Plaintiff Gregg C. Inokuma's ("Inokuma") Motion for Order of Remand ("Motion"), filed on May 20, 2020. [Dkt. no. 7.] Defendant Bank of America ("BOA") filed its memorandum in opposition on June 19, 2020, and Inokuma filed his reply on June 26, 2020. [Dkt. nos. 12, 16.] This matter came on for hearing on July 10, 2020. For the reasons set forth below, Inokuma's Motion is hereby granted in part and denied in part. The Motion is granted insofar as the instant case is remanded to the state court because not all defendants consented to removal. The Motion is denied as to Inokuma's request for an award of removal-related attorneys' fees and costs because, although the removal was procedurally defective, BOA had an objectively reasonable basis for attempting removal.

**BACKGROUND**

Inokuma's claims in this case arise out of the foreclosure of his condominium unit in Kihei, Hawai`i. Inokuma initially filed a Complaint on July 18, 2019 in the State of Hawai`i Second Circuit Court ("state court"), together with: Plaintiffs David Abel and Kristin Abel ("the Abels"); Lin G. Eldridge, Individually and as Trustee of the Linden Geary Eldridge Trust dated October 30, 1997 ("Eldridge"); Stacie Ray Ferreira ("Ferreira"); Richard R. Green ("Green"); Isaak K. Lui and Tracy N. Lui ("the Luis"); and Jennifer I. Polich ("Polich" and all collectively with Inokuma "Plaintiffs"). [Notice of Removal of Action ("Notice of Removal"), filed 4/20/20 (dkt. no. 1), Exh. A (Complaint).]

On November 8, 2019, BOA and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Motion to Dismiss Complaint and Motion to Sever ("Motion to Dismiss and Sever"). [Notice of Removal, Exh. B (Motion to Dismiss and Sever).] On March 20, 2020, the state court issued an order granting the Motion to Dismiss and Sever in part and denying it in part ("3/20/20 State Court Order"). [Notice of Removal, Exh. C (3/20/20 State Court Order).] The quiet title and ejectment claims ("Title Claims") of the Luis, Ferreira, and Polich were dismissed as untimely, and the state court found that "[a]ll Plaintiffs and respective claims shall be severed by

2

individual subject property and proceeded upon in separate trials." [Id. at 5.]  On March 24, 2020 the state court issued an amended order ("3/24/20 State Court Order") that also dismissed the Title Claims of Eldridge, Green, and Inokuma. [Notice of Removal, Exh. D (3/24/20 State Court Order) at 5]

        Inokuma states Plaintiffs appealed the 3/24/20 State Court Order on April 17, 2020.  [Mem. in Supp. of Motion at 3.] On June 30, 2020, the Hawai`i Intermediate Court of Appeals ("ICA") dismissed the appeal for lack of appellate jurisdiction. Abel v. Bank of Am., N.A., No. CAAP-20-0000289, 2020 WL 3547963 (Hawai`i Ct. App. June 30, 2020).

        According to the Complaint: the Abels are citizens and residents of Oregon; Eldridge is a citizen and resident of Florida; Inokuma is a citizen and resident of Pennsylvania; and Ferreira, Green, the Luis, and Polich are citizens and residents of Hawai`i.  [Complaint at ¶ 3.]  BOA is alleged to be the successor to Countrywide Loans and/or LaSalle Bank and/or BAC Home Loans LLC, and a "national banking association organized under the laws of the United States of America and North Carolina with its principal place of business and main office located in Charlotte, North Carolina."  [Id. at ¶ 4.]

        Also named in the Complaint were: Defendants Ron L. Leon and Albena R. Leon, Individually and as Trustees of the Leon Trust dated April 17, 2013 ("the Leons"), citizens of

3

Hawai`i who purchased the Eldridge property; Timothy A. Stewart, II and Sanoe M.K. Awai ("the Stewart-Awais"), citizens of Hawai`i who purchased the Ferreira property; Brian Wiwchar and Barbara Wiwchar ("the Wiwchars"), citizens of Canada who purchased the Green property; Richard Dubuc and Penelope F. Dubuc ("the Dubucs"), citizens of Canada who purchased the Inokuma property; Quinn Ciccarelli and Josefa Ciccarelli ("the Ciccarellis"), citizens of Hawai`i who purchased the Lui property;[1] and James Woessner and Hiroko Woessner ("the Woessners"), citizens of Hawai`i who purchased the Polich property (all collectively "Purchaser Defendants").[2] [Id. at ¶ 6.] The Complaint alleges the Purchaser Defendants acquired their title from BOA or its predecessors. At the time of each purported transfer of title, BOA's or its predecessor's title was allegedly invalid because the foreclosure to acquire said title was "invalid, unlawful, void and/or voidable." [Id. at ¶ 7.]

---

[1] The Ciccarelli's mortgagee of record for the Lui property is MERS, a citizen of Delaware, and the principal of mortgagee nominee is Primelending, a Plainscapital Company ("Primelending"), a citizen of Texas. [Complaint at ¶ 6.]

[2] Plaintiffs refer to the Purchaser Defendants, MERS, and Primelending as the "QTE Defendants." See, e.g., Complaint at ¶¶ 6-7. The Complaint also names Doe Defendants 1-50 without any allegations as to their state of citizenship. [Id. at pg. 2.]

Plaintiffs allege that, "[b]etween 2008 and 2011, [BOA] engaged in a scheme or plan to hold nonjudicial foreclosure sales in manner [sic] that increased the likelihood of [BOA] being the successful bidder at the vast majority of auctions," allowing it to continue to collect servicing fees which would have otherwise ended upon a transfer of the property to a third-party bidder. [Id. at ¶ 11.] The Complaint alleges this involved BOA and its agents systematically offering properties without warranties or descriptions, and "postponing the first-schedule [sic] auction and holding the auction on dates that were unpublished in any newspaper and unposted on the property," in order to "reduce[] interest and attendance at the auctions and increase[] the likelihood that" BOA could purchase the property for resale. [Id.] The Complaint identifies BOA's agents as "Hawaii-licensed lawyers . . . who failed to follow the custom and practice of other Hawaii lawyers and failed to follow Hawaii law with respect to non-judicial foreclosures." [Id. at ¶ 12.] As outlined above, this failure allegedly benefitted BOA. All Plaintiffs allegedly had their foreclosures conducted or overseen by these agents. [Id.] Plaintiffs further allege their foreclosures were part of "a single common plan or scheme by" BOA. [Id. at ¶ 13.] As such, they claim to be "victims of the 'same series of transactions or occurrences' within the meaning of Haw. R. Civ. P. Rule 20, conducted in

virtually the same manner by the same actors, using the same methods as part of their common scheme or plan, . . . properly joined in a single action." [Id. at ¶ 14.]

Plaintiffs assert the following claims: "wrongful deprivation of real property," which appears to be a wrongful foreclosure claim, against BOA ("Count I"); unfair or deceptive acts or practices and unfair methods of competition, in violation of Haw. Rev. Stat. Chapter 480, against BOA ("Count II"); and quiet title and ejectment against the Purchaser Defendants, MERS, and Primelending ("Count III").

BOA filed the Notice of Removal on April 20, 2020, purporting to remove Inokuma v. Bank of America, N.A., Civil No. 19-1-0234(3)-E, based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. [Notice of Removal at pgs. 1-2.] BOA states Inokuma only brought claims against BOA and the Dubucs. [Id. at ¶ 2.] The Notice of Removal refers to the 3/20/20 State Court Order and the 3/24/20 State Court Order, noting the claims were severed by individual property and Inokuma's claims against the Dubucs were dismissed "in their entirety, with prejudice." [Id. at ¶ 7.] BOA argues that, because it is the only remaining defendant in Inokuma's remaining claims, no other defendant's consent is necessary to remove. [Id. at ¶ 9.] BOA claims the Notice of Removal is timely because it was filed within thirty days of March 20,

6

2020, when the state court severed Inokuma's claims from those of the other plaintiffs, making the case removable. [Id. at ¶¶ 11-12.]

Inokuma now seeks remand in this case: 1) because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332;[3] and/or 2) the procedures for removal set forth in 28 U.S.C. § 1446 were not followed. Inokuma also seeks an award of removal-related attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c).

## STANDARD

The general statute governing removal, 28 U.S.C. § 1441, is "strictly construe[d] . . . against removal jurisdiction." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018) (citations and quotation marks omitted).

> If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court. See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). The removing defendant bears the burden of overcoming the "strong presumption against removal jurisdiction." Geographic Expeditions, 599 F.3d at 1107 (citation omitted).

---

[3] Inokuma also argues this Court lacks jurisdiction under 28 U.S.C. § 1331, but BOA did not assert federal question jurisdiction as a basis of removal. See Notice of Removal at ¶¶ 15, 32.

Id. at 1057. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## DISCUSSION

### I. Rule of Unanimity

The Ninth Circuit has stated:

> The so-called "rule of unanimity," announced by the Supreme Court in Chicago, Rock Island, & Pacific Railway Co. v. Martin, 178 U.S. 245, 248, 20 S. Ct. 854, 44 L. Ed. 1055 (1900), as an interpretation of a predecessor removal statute, merely says that "all the defendants must join in the application" for removal. See also Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (citing Chicago only for the proposition that "removal requires the consent of all defendants"). Chicago does not specify **how** defendants must join in removal. Nor does any federal rule or statute specifically prescribe a particular manner in which codefendants' joinder must be expressed. In the absence of any rule governing joinder in removal, we turn to the general principles that govern procedures for removal and for attorney representations to district courts generally. . . .
>
> Applying these general principles, we conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and

8

>           signed by an attorney of record is
>           sufficient. . . .

Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (emphasis in Proctor). The consent requirements do not apply to "nominal, fraudulently joined or unknown defendants." US Bank Nat. Ass'n v. Taylor, No. CV 15-00018 DKW-KSC, 2015 WL 1057119, at *3 (D. Hawai`i Mar. 10, 2015) (citing Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006)). "The removing party has the burden of affirmatively explaining the absence of any co-defendants in the event that fewer than all co-defendants have joined in a removal action." Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. July 16, 2009). The district court in Hafiz also noted that, "all defendants must either join or provide within thirty days consent to the removal notice." Id. (citing 28 U.S.C. 1447(c)). "Failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective." Wilburn v. Bracher, No. 2:15-cv-00699-TLN-GGH, 2015 WL 6163575, at *5 (E.D. Cal. Oct. 19, 2015) (citing Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).

    Here, BOA filed its Notice of Removal alone, stating Inokuma's "only remaining claims are against [BOA]. Thus, no

other defendant's consent is necessary to remove this case." [Notice of Removal at ¶ 9.]  In its memorandum in opposition, BOA repeats this argument, characterizing "the former defendants [as] nonparties to this suit" whose consent was not necessary to remove.  [Dkt. no. 12 at 23 (citing Perry v. Safeco, No. 3:16CV323, 2017 WL 655172, at *3 (E.D. Va. Feb. 16, 2017)).]  However, Perry does not establish that dismissed defendants are non-parties whose consent to removal is not required; the district court's discussion of the motion to remand does not mention dismissed defendants at all.  See Perry, 2017 WL 655172, at *3 (ruling that the removing defendant was not required to obtain the consent of an entity that was not a party but which the plaintiff referenced in a motion to dismiss filed in the state court prior to removal).  BOA provides no other cases to support the proposition that the Dubucs' consent was not necessary for removal because they were dismissed.

BOA argues extensively that the other Purchaser Defendants' consents were not necessary for removal because Plaintiffs' claims against them were severed and they are no longer parties to Inokuma's case or, at most, they are nominal defendants.  [Mem. in Opp. at 23-24.]  The 3/24/20 State Court Order severed all Plaintiffs and claims "by individual subject property."  [3/24/20 State Court Order at 6.]  However, that severance did not eliminate the relationship between Inokuma and

the Dubucs.  The Inokuma property, purchased by the Dubucs, is at the heart of Inokuma's claims.  The Dubucs have an obvious stake in any litigation that could impact their ownership of that property, and so are intimately linked to the case before this Court.  As discussed *infra*, because the Dubucs are still parties to this case, the Court need not reach BOA's arguments as to the other Purchaser Defendants.

The 3/24/20 State Court order dismissed Inokuma's claim against the Dubucs, finding it was barred by the statute of limitations.  [Id. at 3-5.]  Contrary to BOA's arguments, that does not make the Dubucs non-parties.  There is currently no final judgement as to Inokuma's claims against the Dubucs. Haw. R. Civ. P. 54(b) reads, in pertinent part:

> when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **shall not terminate the action as to any of the claims or parties**, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.)  At a minimum, Inokuma's claims against BOA were not adjudicated by the 3/24/20 State Court Order.  The

11

state court did not "direct the entry of a final judgment" in favor of the Dubucs pursuant to Haw. R. Civ. P. 54(b).  Indeed, the ICA held "the circuit court has neither resolved all of the multiple claims in this case nor reduced its dispositive rulings to an appealable final judgment."  Abel, No. CAAP-20-0000289, 2020 WL 3547963, at *1.  A plain reading of the rule shows that the Dubucs are still parties to the present action.

Other courts have recognized the principle that defendants dismissed without a final judgment remain parties to a case for the purposes of consenting to removal.  In noting that a dismissed defendant's consent was necessary for removal, one district court stated, "[o]nly when all claims against all parties to the suit are adjudicated will the [state court's order of dismissal] be final and appealable.  The [dismissed defendants] are therefore still parties to the case . . . ."  Warner v. Midnight Recovery, Inc., Case No. 3:19-cv-00453-RGJ, 2020 WL 1105111, at *2 (W.D. Ky. Mar. 6, 2020).  The district court went on to state explicitly that, because the removing defendant "did not obtain [the dismissed defendants'] consent, removal is improper."  Id. at *3 (citing 28 USC § 1446(b)(2)(A)).  In addressing a similar case involving a summary judgment and a rule similar to Haw. R. Civ. P. 54(b), another district court ruled that,

> in case[es] involving multiple parties or
> multiple claims, a judgment as to one party is
> not immediately appealable unless the trial court
> makes a finding in writing that there is no just
> reason for delaying appeal or enforcement.  In
> the absence of such a finding, the trial court
> retains jurisdiction over the entire action,
> including the power to revise the judgment at any
> time prior to the entry of a judgment
> adjudicating all the claims. . . .  Given that
> [the party which obtained summary judgement prior
> to removal] was still subject to the jurisdiction
> of the trial court, its consent to removal was
> required. . . .

Janis v. Workhorse Custom Chassis, LLC, 891 F. Supp. 2d 970, 975–76 (N.D. Ill. 2012).[4]

No parties contest that the Dubucs were properly served.  They did not join in the Notice of Removal.  They are not nominal, fraudulently joined, or unknown defendants.  BOA did not provide an averment of the Dubucs' consent to removal.  BOA could have cured the lack of consent at the time of removal by obtaining the Dubucs' consent prior to the expiration of the thirty-day removal period, but did not do so.  See Lewis v. HSBC Bank USA, N.A., CIVIL NO. 17-00234 DKW-KSC, 2017 WL 3671279, at *8 (D. Hawai`i Aug. 25, 2017) ("Defects in removal notices may be cured within the 30-day period permitted for joinder."

---

[4] Janis distinguishes a dismissal from a summary judgment, noting that "a dismissed defendant was no longer subject to the jurisdiction of the state court," see 891 F. Supp. 2d at 975 (citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993)), but as discussed *supra*, the Dubucs are still subject to the jurisdiction of the state court.

(citation omitted)).[5] Given the demanding standard governing removal, this Court finds that the Notice of Removal was not unanimous, and, thus the Notice of Removal was procedurally defective. As this is a dispositive defect, this Court need not reach the issues of: whether the 3/20/20 State Court Order and the 3/24/20 State Court Order severed the state court action into separate actions; or whether the orders implicated the voluntary-involuntary rule.

## II. Removal-Related Costs and Fees

Inokuma also seeks an award of the attorneys' fees and costs they incurred because of the removal of this case. 28 U.S.C. § 1447(c) states, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

> Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

---

[5] 2017 WL 3671279 was the magistrate judge's report and recommendation, which was subsequently adopted by the district judge. 2017 WL 4019416 (Sept. 12, 2017).

Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 552 (9th Cir. 2018). While remand is granted on procedural grounds, the Notice of Removal presented significant legal issues as to the appropriateness of remand after a state court's severance order. Therefore, Inokuma's request for removal-related attorneys' fees and costs is denied because BOA had an objectively reasonable basis for removal.

## CONCLUSION

On the basis of the foregoing, Inokuma's Motion for Order of Remand, filed May 20, 2020, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as this Court: CONCLUDES that the removal of this case was improper because not all defendants consented to removal; and REMANDS the instant case to the state court. The Motion is DENIED as to Inokuma's request for an award of removal-related attorneys' fees and costs. The Clerk's Office is DIRECTED to effectuate the remand on **August 18, 2020**, unless BOA files a timely motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 3, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

GREGG C. INOKUMA VS. BANK OF AMERICA, N.A., ET AL; CV 20-00178 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER OF REMAND