UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| GREGG C. INOKUMA,<br><br>        Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A., DOE DEFENDANTS 1-50,<br><br>        Defendants. | CIV. NO. 20-00178 LEK-RT |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF REMAND [ECF NO. 20]**

On August 3, 2020, the Order Granting in Part and Denying in Part Plaintiff's Motion for Order of Remand ("8/3/20 Order") was filed. [Dkt. no. 20.[1]] On August 17, 2020, Defendant Bank of America, N.A. ("BOA") filed its motion for reconsideration of the 8/3/20 Order ("Motion for Reconsideration"). [Dkt. no. 22.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local

---

[1] The 8/3/20 Order is also available at 2020 WL 4455102.

Rules").[2]  BOA's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is set forth in the 8/3/20 Order and will not be repeated here.  In the 8/3/20 Order, this Court concluded that BOA's Notice of Removal of Action ("Notice of Removal"), [filed 4/20/20 (dkt. no. 1),] was procedurally defective because the removal was not unanimous.  2020 WL 4455102, at *5.  Although Defendants Richard Dubuc and Penelope F. Dubuc ("the Dubucs"), who purchased Inokuma's property, were not nominal, fraudulently joined, or unknown defendants, and they were properly served, BOA did not obtain the Dubucs' consent to the removal of the action.  Id. at *2, *5.  This Court therefore ordered that the case be remanded to the state court.  Id. at *5.

In the Motion for Reconsideration, BOA argues reconsideration of the 8/3/20 Order is warranted because: 1) BOA was not required to obtain the Dubucs' consent because the Dubucs did not have a stake in the litigation at the time of removal; 2) the order's reliance on Hafiz v. Greenpoint Mortgage

---

[2] Local Rule 60.1 states no opposition to or reply in support of a motion for reconsideration "shall be filed unless directed by the court."  Because Plaintiff Gregg C. Inokuma ("Inokuma") was not directed to file an opposition, the memorandum that he filed on August 20, 2020, [dkt. no. 23,] was stricken.  [Minute Order, filed 8/20/20 (dkt. no. 24).]

Funding, Inc., 652 F. Supp. 2d 1050 (N.D. Cal, 2009), was misplaced because that case does not support the analysis in the 8/3/20 Order; 3) strict application of the unanimity rule is neither required nor warranted in this case; and 4) it would not have been possible to obtain a final judgment as to the Dubucs before the expiration of the removal period.

### **STANDARD**

Motions seeking reconsideration of orders denying remand are reviewed pursuant to Local Rule 60.1. See, e.g., Greenspon v. AIG Specialty Ins. Co., Case No. 18-cv-00448-DKW-WRP, 2019 WL 2089980, at *1-2 (D. Hawai`i May 13, 2019); Zyda v. Four Seasons Hotels & Resorts, CIVIL 16-00591 LEK, 2017 WL 2829596, at *1-2 (D. Hawai`i June 30, 2017). However, this Court has stated:

> An order remanding a case to state court is considered a dispositive, *i.e.* final, order. See, e.g., Estate of Tungpalan v. Crown Equip. Corp., Civil No. 11-00581 LEK-BMK, 2013 WL 2897777, at *5-6 (D. Hawai`i June 12, 2013) (considering a party's objections to the magistrate judge's recommendation to remand the case as a dispositive matter). "When a ruling has resulted in a final judgment or order . . . a motion for reconsideration may be construed as either a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under [Federal] Rule [of Civil Procedure] 60(b)." Grandinetti v. Sells, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868, at *1 (D. Hawai`i Nov. 8, 2016) (citing Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). . . .

3

<u>Bank of Am., N.A. v. Goldberg</u>, CIV. NO. 19-00076 LEK-KJM, 2019 WL 2374870, at *1 (D. Hawai`i June 5, 2019) (some alterations in <u>Goldberg</u>).

Because no judgment has been entered in this case, BOA's Motion for Reconsideration will not be considered under Rule 59(e).  Rule 60(b) states, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1)  mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4)  the judgment is void;
>>
>> (5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6)  any other reason that justifies relief.

Based on the arguments in the Motion for Reconsideration, the only potentially applicable provisions are the "mistake" provision of (1) or (6).  "[R]elief under Rule 60(b)(6) . . . is appropriate 'to accomplish justice,' but 'only under

extraordinary circumstances.'"  Greenspon v. AIG Specialty Ins. Co., Case No. 18-cv-00448-DKW-WRP, 2020 WL 3513230, at *3 (D. Hawai`i June 29, 2020) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)), *appeal filed*, Case No. 20-16340 (9th Cir. July 10, 2020).

## DISCUSSION

BOA's first argument, that the Dubucs have no stake in the litigation, and its third argument, that the unanimity rule should not be strictly applied in this case, are mere disagreements with the 8/3/20 Order.  A party's disagreement with a court's order does not constitute either a mistake for purposes of Rule 60(b)(1) or extraordinary circumstances warranting Rule 60(b)(6) relief.  See, e.g., Greenspon, 2020 WL 3513230, at *2 (concluding that the plaintiff's disagreement with the ruling on his prior arguments did not constitute a mistake for purposes of Rule 60(b)(1) (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991); Stephens v. Cty. of Haw. Police Dep't, 584 F. App'x 506, 507 (Mem) (9th Cir. Aug. 14, 2014)); id. at *3 ("Disagreement is . . . not an extraordinary circumstance." (citing Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007))).  The Motion for Reconsideration is therefore denied as to BOA's first and third arguments.

BOA's Motion for Reconsideration also argues this Court erred in citing Hafiz for the propositions that: "'The

5

removing party has the burden of affirmatively explaining the absence of any co-defendants in the event that fewer than all co-defendants have joined in a removal action'"; and "'all defendants must either join or provide within thirty days consent to the removal notice.'"  8/3/20 Order, 2020 WL 4455102, at *3 (quoting Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. July 16, 2009)).  BOA argues the district court in Hafiz ultimately concluded that whether or not Mortgage Electronic Registration Systems, Inc. ("MERS") consented to removal was moot because MERS was dismissed after removal.  However, in Hafiz, MERS did consent to removal by filing a joinder within thirty days after the notice of removal was filed.  652 F. Supp. 2d at 1052.  The question of whether the joinder was timely was based upon a dispute about when MERS was served with the complaint.  Id.  In contrast, there is no indication that the Dubucs joined in or otherwise consented to the removal in the instant case.  Because the Dubucs were not "nominal, unknown or fraudulently joined parties," they were required to "either join or provide within thirty days consent to the removal notice."  See id.  To the extent that the Motion for Reconsideration argues this Court misapplied Hafiz in the 8/3/20 Order, the motion is denied.

Finally, BOA argues reconsideration of the 8/3/20 Order is warranted because it was not possible for any party to

6

obtain a final judgment as to Inokuma's claims against the Dubucs before the expiration of the removal period. Whether or not a judgment as to those claims was possible is irrelevant because BOA could have obtained the Dubucs' timely consent to the removal. The Dubucs were represented by counsel in the proceedings before the state court. See, e.g., Notice of Removal, Exh. E (copies of all documents served on BOA prior to removal) at PageID #: 747-53 (substantive joinder in BOA and MERS's motion to dismiss, filed on 11/18/19 by counsel for Defendants Ron L. Leon and Albena R. Leon, Individually and as Trustees of the Leon Trust dated April 17, 2013; Brian Wiwchar and Barbara Wiwchar; and the Dubucs). The Dubucs apparently were still represented by the same Hawai`i counsel at the time BOA filed the Notice of Removal in this case, as evidenced by the Dubucs' filing of a Statement of Jurisdiction on June 8, 2020 in the plaintiffs' state court appeal. Because BOA could have sought and obtained the Dubucs' consent to the removal through the Dubucs' counsel, BOA's Motion for Reconsideration is denied as to BOA's argument regarding the inability to obtain a final judgment as to the Dubucs.

        BOA has failed to present any ground that warrants reconsideration of the 8/3/20 Order under Rule 60(b)(1) or (6).

**CONCLUSION**

On the basis of the foregoing, BOA's Motion For Reconsideration Of Order Granting Plaintiff's Motion For Order Of Remand [ECF No. 20], filed August 17, 2020, is HEREBY DENIED. The Clerk's Office is DIRECTED to effectuate the remand immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 29, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GREGG C. INOKUMA VS. BANK OF AMERICA, ET AL; CV 20-00178 LEK-RT; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER OF REMAND [ECF NO. 20]**